STATE v. GARLAND.

(Filed May 3, 1904).

PUBLIC OFFICERS—*Sheriffs—Counties—The Code, sec. 1009.*

> Under The Code, sec. 1009, a sheriff is not guilty of a misdemeanor where he purchases county claims at less than their value, but for the benefit of the county, at the instance of the county commissioners.

INDICTMENT against C. Garland, heard by *Judge T. J. Shaw* and a jury, at November Term, 1903, of the Superior Court of MITCHELL County. From a judgment of guilty on a special verdict the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*S. J. Erwin,* for the defendant.

MONTGOMERY, J. The defendant was indicted in the Superior Court of Mitchell County for purchasing, while holding the office of Sheriff of that county, wilfully and unlawfully, certain claims against the county of Mitchell at a less price than their full value. The jury returned a special verdict, the substance of which, as to its material parts, is as follows: The county of Mitchell has been for many years largely in debt, and the General Assembly has enacted at various sessions laws authorizing the commissioners to levy special taxes to be used in compromising and settling the

floating indebtedness of the county at less than its face value. Through those years it has been a custom of the several sheriffs of the county to take up such indebtedness as was offered by creditors at fifty cents on the dollar, either in payment of taxes due to the county, or from the special tax fund at that rate—the Sheriff having been instructed in each case to do so by the Board of County Commissioners; and on settlements between the sheriffs and the county commissioners they would be allowed credits for the claims at the rate they paid for them.

The defendant in the present case was directed and instructed by the commissioners to accept all claims due by the county and offered by the holders at the rate of fifty per cent. of their face value, and to pay therefor either in tax receipts or in cash out of the special fund; and the defendant under these instructions, acting as the agent of the Board of Commissioners, did in June, 1902, accept from a holder two certain claims particularly numbered and specified, due and owing by the county, and he paid for the claims at the rate of fifty per cent. of their face value. The claims were paid for partly in tax receipts and the balance by a check. That amount was charged by the defendant on his books against the special tax fund, but paid by check drawn by him as Sheriff on a bank in which the special and general tax fund was deposited under one account to his credit as Sheriff. Thereafter, on a settlement between the Sheriff and the commissioners, he produced the claims taken up by him from the holder, and he received a credit for the same as Sheriff and Tax Collector only to the amount he had paid the holder, and no more. The jury further found that in taking up the claims from the holder the defendant, who at the time was Sheriff of the county, "acted as the agent of, and for, and in behalf of Mitchell County and under instructions and directions of the commissioners of Mitchell County, and not for

or in his own behalf; and that in settlement with the county he was credited only with the amount he had paid Tappan (the holder) therefor."

The statute under which the defendant was indicted (The Code, section 1009), is chapter 260, Public Laws, 1868-69. The Act of 1868-69 had for its caption, "An Act to declare it a misdemeanor for any county officer to speculate in county claims." The caption of The Code section is "County Claims, speculation in, indictable." The purchase of claims against the county by a county officer is not prohibited by the statute if a full price is paid therefor. If such an officer pays full price for a claim against a county, he has as much right to buy it as has anybody else. It is only when he buys such claims at less than their face or full value that the law interferes and declares such act a misdemeanor. The reason for this prohibition is apparent. If such conduct were allowed, the county officers might refuse to pay the indebtedness of the county at the full value of the claims, although the money might be in the treasury for that purpose, to the end that those who held such claims might be compelled to take less than their face value or commence litigation for their collection. The intention and meaning of the statute therefore are to prevent county officials from buying for their own benefit claims due by the county of which they are officials. But if the meaning from the context was doubtful, the caption of the Act of 1868-69 and that of The Code, section 1009, might be invoked to aid in the construction of the law; and, as we have seen, those captions declare that the object of the law is to prevent county officers from speculating in claims due by their counties. They themselves are not allowed, under the pains of indictment, either to buy a claim due by the county, or to be interested in any sale or purchase by any other person or persons of such claims.

The defendant in this case, as we have seen, was directed by the county commissioners to buy these claims for the county and he bought them, not for himself but for the county. The county got the benefit of the purchase and not one cent of profit in any way went into the pocket of the defendant. In fact and in law, as the jury found, he did not buy for himself, but for the county through the direction of the commissioners. It was contended by the Attorney-General in this Court that under the Act of 1901, chapter 214, no part of the special tax fund of the county could be used for any purpose except by the joint act of the Board of Commissioners and the finance committee of Mitchell County, and that therefore the direction of the commissioners to the defendant was a nullity, and the action of the Sheriff was on his own responsibilliy. It is true that the passing upon the validity of claims of the county of Mitchell by the commissioners and the finance committee was an act judicial in its character, and it could not be delegated to the Sheriff, who virtually passed upon the claims which he bought, as both valid in law and due by the county; and it might be in some civil procedure that the holders of the claims which the Sheriff purchased might be made to return the money and take back their claims; or it may be that any holder of claims against the county of Mitchell might by due process of law prevent the authorities of that county from preference among its creditors, because of a willingness on the part of some to compromise their claims against the counties. But all that is a very different matter from indicting and punishing the defendant, who is Sheriff of the county, for following an invalid instruction. He has reaped no benefit; he made no purchase for himself, and the county alone was benefited. The judgment of guilty pronounced by his Honor upon the special verdict was erroneous.

Reversed.